UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

PHILLIP RONALD WRIGHT,                    )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )         No.:  3:13-CV-101-TAV-HBG
                                          )
TAMMY FINCHUM and PAT FOSTER,             )
                                          )
              Defendants.                 )

## MEMORANDUM

This is a pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983.  On

December 3, 2015, the Court entered an order noting that although "summonses have been

returned as executed for Defendants Pat Foster [Doc. 9] and Tammy Finchum [Doc. 10], no

answer or other responsive pleading has been filed by these Defendants" [Doc. 11 p. 1].

Accordingly, the Court ordered that that, within twenty-one days of the date of entry of that

order, Defendants should file an answer or other response to the complaint, Plaintiff should

request that the Clerk enter the party's default, or Plaintiff should show cause as to why this

action shall not be dismissed as to those Defendants [*Id.*].  The Court notified Plaintiff that if he

failed to timely comply with that order, this matter would be dismissed for failure to prosecute

and failure to comply with orders of the Court [*Id.*].

The postal authorities returned the deficiency order to the Court more than thirty days ago

with the envelope marked "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED

UNABLE TO FORWARD" [Doc. 12 p. 1].  Accordingly, it is clear that Plaintiff has failed to

provide the Court with notice of his correct address.  The Court previously ordered Plaintiff to

inform the Court and Defendants or their counsel of any address changes immediately and

notified Plaintiff that failure to provide a correct address within ten days following a change of address would result in the dismissal of this action [Doc. 4 p. 2].

Accordingly, this action will be **DISMISSED** for failure to comply with orders of the Court and for want of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co*., 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

2